**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| APRIL RENEA CABBELL, | |
| Plaintiff, | |
| v. | Civil Action No. 15-8499 (ES) |
| JUDGE BATISTA, | OPINION |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of pro se Plaintiff April Cabbell's filing of the Complaint, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1). Having considered Plaintiff's application to proceed *in forma pauperis*, the Court concludes that Plaintiff has adequately established that her financial condition renders payment of the $400.00 filing fee a hardship.

However, after a court determines that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Having thoroughly reviewed Plaintiff's Complaint, the Court dismisses the Complaint because it seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Complaint asserts breach of fiduciary duty based on Plaintiff's allegation that Defendant, "judge Batista," failed to "follow the law, and Verify any Contracts that were made between the Plaintiff and the Defendant." (D.E. No. 1, Complaint ("Compl.") at 2). Specifically,

Plaintiff alleges that "Defendant acted in dishonor because he refused to dismiss the False Case," (*id.*), and that Defendant denied a change of venue "without any validation for his denial," (*id.* at 3). As a result of these alleged wrongs, Plaintiff requests compensatory damages, exemplary damages, court costs, and other relief "as this Court may deem appropriate." (*Id.* at 4).

Courts may dismiss a suit for money damages under 28 U.S.C. § 1915(e)(2)(B) where the defendant is protected by judicial immunity. *Ball v. Butts*, 445 F. App'x 457, 458 (3d Cir. 2011). To determine whether the defendant is entitled to judicial immunity, the court must engage in a two part test: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000).

In determining the first prong, courts will analyze whether an alleged act by the defendant is a function normally performed by a judge, and whether the plaintiff dealt with the judge in his judicial capacity. *See id. at* 768-69. Regarding the second prong, "a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court." *Id.* at 771.

Here, it is clear that Defendant's actions as alleged in the Complaint relate to functions normally performed by a judge. For example, Plaintiff alleges that Defendant denied her request to dismiss a case and to change venue. (Compl. at 2-3). And further, while Defendant's precise jurisdiction is unclear from the face of the Complaint, Plaintiff alleges that Defendant acted "under the color of law" in "administering some Private Statute." (Compl. at 3). These allegations are sufficient to show that Defendant acted within a judge's judicial capacity and "at least colorably

2

within the jurisdiction of [his] court." *Gallas*, 211 F.3d at 771.  Therefore, the Court concludes that Defendant is entitled to judicial immunity.

Because Defendant is entitled to judicial immunity, the Court further finds that amendment of Plaintiff's complaint would be futile.  Accordingly, the Court dismisses Plaintiff's Complaint with prejudice.  An appropriate Order follows.

s/*Esther Salas*<br>
**Esther Salas, U.S.D.J.**